IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:24-cv-01917-RMR-SBP

GLORIA WERTZ,

    Plaintiff,

    v.

CLOROX SERVICES COMPANY,

    Defendant.

---

**ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION**

---

    This matter is before the Court on the Recommendation of United States Magistrate Judge Susan Prose, entered on February 11, 2025, ECF No. 36, addressing Defendant's Partial Motion to Dismiss, ECF No. 11. Magistrate Judge Prose recommends that Defendant's motion be granted and Plaintiff's CCPA claim be dismissed without prejudice.

    Plaintiff timely filed an objection to the Recommendation at ECF No. 37. The Court has received and considered the Recommendation, the Objection, the record, and the pleadings. For the reasons stated below, the Court overrules Plaintiff's objection and adopts the Recommendation.

### I.    LEGAL STANDARD

    The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made,

and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).  *See, e.g., Nat. Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

## II.  ANALYSIS

The parties do not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein.

Plaintiff filed a "general objection" to the Recommendation, asserting she "believes that the pleadings thus far, motions, responses, complaint with cited material, and oral arguments support her claims under the Colorado Consumer Protection Act ('CCPA')." ECF No. 37 at 1. Plaintiff further "asserts that she has detailed sufficient allegations in her complaint that Defendant violated the CCPA by engaging in unfair and deceptive trade practices; namely: falsely marketing the Lavender Pine-Sol product as a disinfectant when it was not." *Id.* This "general objection" is not sufficiently specific to preserve the issue for de novo review. *See United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma,* 73 F.3d 1057, 1060 (10th Cir. 1996) (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir.1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.")).

Absent a specific objection, the Court finds no clear error with the Magistrate Judge's Recommendation, which is a correct application of the facts and the law. And even if the Court were to consider the issue de novo, the Court agrees with the Recommendation and finds that it accurately sets forth and applies the appropriate legal standard. For the reasons stated in the Recommendation, Plaintiff's Complaint fails to plausibly allege an unfair or deceptive trade practice and the public impact element as

3

required to state a CCPA claim. Thus, the Magistrate Judge properly recommended dismissal of the CCPA claim. However, the Magistrate Judge also recommended that Plaintiff be granted leave to file a motion for leave to amend the complaint to attempt to plead a viable CCPA claim. In her objection, Plaintiff represents that she "anticipates filing a motion for leave to amend her complaint in the very near future." ECF No. 37 at 2. Accordingly, Plaintiff may attempt to cure her defective pleading as to her CCPA claim through an amended complaint. Thus, Plaintiff's general objection is overruled, and the CCPA claim is dismissed without prejudice.

### III.   CONCLUSION

For the reasons set forth above, the Court ORDERS:

1. Defendant's Objection to the Recommendation, ECF No. 37, is OVERRULED;

2. The Recommendation, ECF No. 36, is ACCEPTED AND ADOPTED;

3. Defendant's Partial Motion to Dismiss, ECF No. 11, is GRANTED; and

4. Plaintiff's claim under the Colorado Consumer Protection Act is DISMISSED WITHOUT PREJUDICE.

DATED:  February 26, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge